IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

RECEIVED
CLERK'S OFFICE

2014 JAN 21 PM 1:49

U.S. ___ ___
MIDDL__ __ __GORGIA
__ MA__ __GIA

Clemmie Williams, Jr.
    Plaintiff,

CITY OF MACON, GEORGIA,
Officer Parrott, Det. Al Cloud,
Sgt. Reynolds, Sgt. W. Gay,
District Attorney Kimberlee
M. Hillard

**5:14-CV-026**

Docket No. _____

JURY TRIAL DEMAND

## COMPLAINT FOR DAMAGES

### I.

This is a civil rights action in which the Plaintiff, Clemmie Williams Jr., seek relief for the Defendant, violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the Fourth, Eighth, Thirteen, and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of Georgia. The Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest, and fees, and other and further relief as the Court deem just and equitable.

## Jurisdiction

### 2.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1334 (a) (3) and (4), this being an action seeking redress for the violation of Plaintiff's constitution and civil rights.

### 3.

Jurisdiction is also invoked herein pursuant to the Fourth, Eighth, Thirteenth, and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### 4.

The Plaintiff requests that the Court exercise supplemental jurisdiction over any state court cause of action that arise from common nucleus of operative facts that give rise to the federally-based cause of action pleaded herein. 28 U.S.C. § 1367

### 5.

Insofar as state court causes of action are alleged, Plaintiff complied with O.C.G.A. § 36-33-5 and provided in person the required legal claim and notice to Defendant City of Macon on Feb. 28, 2013.

## Jury Trial Demand

### 6.

The Plaintiff demand a trial by jury on each of the causes of action pleaded herein.

## Venue

### 7.

Venue is proper for the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391 (b).

## Parties

### 8.

The Plaintiff Clemmie Williams, Jr., at all times relevant herein, was a resident of Macon, Georgia.

### 9.

Defendant CITY OF MACON is a municipal entity created and authorized under laws of the State of Georgia. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant assume the risks incidental to the maintenance of a police force and the employment of Police Officers as said risks attach to the public consumers of the services provided by the Macon Police Department.

10.

Defendants. District Attorney Kimberlee M. Hillard, Sgt. W. Gay badge #593, Det. Al Cloud badge #443, Officer Parrott badge #445 and Sgt. Reynolds badge #449, were at all times relevant herein, acting under color of law and office as employees and agents of the Macon Police Department and of Defendant CITY OF MACON. These Defendants are being <u>sued</u> individually and not in their official capacity.

## FACTS

11.

On or about Feb. 22. 2013, during mid-day time, Plaintiff was arrested by Det. Al Cloud, for the charge of Auto Theft and Theft by Deception Auto, location 3168 W. Mary Drive, victim Clemmie Williams, Sr. (Deceased). The complaint was made by Plaintiff "niece" Tomika Williams, thus Det. Al. Cloud secured an arrest warrant on 2-19-2013. The Plaintiff was taken from his home, at 2970 Walmar Drive, Macon, Georgia to the investigator office. Det. Al Cloud showed the Plaintiff a Will of Mr. Clemmie Williams Sr., that read Tomika Williams was the owner of the car in question. The Will read as of Oct 5, 2012, said Will, was filed in Bibb County Probate Court,...

... notarized clerk of Probate Court, Jennifer L. Vanderhoff notary the filing of said Will, her commission expires 3-1-2016. Upon Det. Al. Cloud showing the Plaintiff the Will, as evidence the State had against him. The Plaintiff produced a letter with Judge William J. Self, II, Judge of Probate Court in Bibb County letterhead, signed by Chief Deputy Clerk, Donna Willingham. The letter read as follow: October 18, 2012, "To whom it may concern: As of October 18, 2012, we do not have a Will or probate on file for the estate of Clemmie Williams, Sr..

The Det. Al Cloud called, Probate Court to confirm the letter, on said day of Feb. 22, 2013 The Court confirmed the letter was correct. The Court inform Det. Al Cloud," they had spoke to Clemmie Williams Jr., and informed him that the cost to Probate, starts a 220.00 to probate his father Will, if we had one. The Plaintiff had spoke to sister, Linda D. Booze, who was the power of attorney for our father, Mr. Clemmie Williams, Sr., her power died with our father. The conversation concern, saleing our mother car, to obtain the funds to probate our father estate, we was going to give our little brother, DeMichael J. Williams the car, but we decided otherwise.

Plaintiff sold his mother car, Mrs. Willie Ruth Williams, to Newell's and recieved $453.15. During the Investigation interview, Det. Al Cloud retrieved $220.⁰⁰ from the plaintiff pocket," stating this is not your money.

Even when Det. Al Cloud discovered the evidents he had wasn't correct, he still arrested the Plaintiff, keeping the Plaintiff $220.⁰⁰

The Plaintiff stayed incarcerated (4) four days. The Plaintiff sister Linda D. Booze and John Booze made my bond.

The Plaintiff on the day after making bond, went to the CITY OF MACON, which refered him to Major Grabowski. The plaintiff produced relevant document to confirm his innocent. During the meeting, Major Robert Grabowski, after the Plaintiff had produced relevant evident concerning the charges, Plaintiff then explained the situation concerning his father estate.

Major Robert Grabowski comment to the Plaintiff, was "I'll get your money back and see to the charges, but you need to Probate your father estate, that alot of money.

I recieved an indictment for Auto Theft and, and Deception Auto, per District Attorney Kimberlee M. Hillard.

The Plaintiff offer as Exhibit "A", The Petition to Probate Will in SOLEMN FORM, Exhibit "B", the letter from Probate Court of Bibb County, Exhibit "C", a copy of Notice to Appear case no: 69896 D.A. KMH, Exhibit "D" copy of Macon Police Department Incident Report, Exhibit "E" copy of Narrative, Exhibit "F", Macon Police Department Supplemental Report, Exhibit "G", Supplemental Report Weapon Information, Exhibit "H", Macon Police Department Incident Report, Exhibit "I", Incident Narrative, Exhibit "J", copy of Criminal Arrest Warrant, Exhibit "K", copy of accusation which is acting as indictment per. District Attorney Kimberlee M. Hillard. Exhibit "L" copy of Mother Obituary, Exhibit "M", copy of Father Obituary.

## Exhibit Attach

## COUNT I:
## VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF UNITED STATES

### 12.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

### 13.

Defendant Det. Al Cloud violated Plaintiff's FOURTH and FOURTEENTH AMENDMENT rights to be free from unreasonable search and seizure as there existed no arguable probable cause that would lead a prudent person to believe Plaintiff had committed, was about to commit, or was committing an offense. Furthermore, Defendants created an Conflict of Interest, pursuant O.C.G.A. § 45-10-20, Chapter 10, Article 2.

### 14.

The conduct and action of Defendants, Det. Al Cloud, Officer Parrott, Sgt. W. Gay, Sgt. Reynolds, and District Attorney Kimberlee M. Hillard, acting under the color of law, was intentionally, maliciously, and with deliberate indifference to the rights of the Plaintiff, and was designed to and did cause mental pain and suffering, in violation of Plaintiff...

... Constitutional Rights as guaranteed under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution, well so The Georgia Constitution.

### 15.

As a result of the foregoing incident, Plaintiff recieved physical and emotional injuries causing the Plaintiff pain and suffering and medical expenses.

### 16.

Additionally, any Macon Police Department Officer that was involve in this incident, including District Attorney Kimberlee M. Hillard, owed a duty to the Plaintiff to intervene on his behalf, and failed to do so, thus resulting in the constitutional violation set forth herein.

### 17.

The breach of the duties herein articulated was a proximate cause of the injuries and constitutional deprivation set forth herein.

## COUNT II:
## UNITED STATES CONSTITUTIONAL
## VIOLATIONS BY THE CITY OF MACON

18.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

19.

At all times material to this complaint, the defendant CITY OF MACON, had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the Defendants, police officers.

20.

Upon information and belief, the defendants, CITY OF MACON failed to establish guidelines for, and/or train, supervise or educate its police officers, including Defendant, District Attorney Kimberlee M. - Hillard, about correct practices and police procedures in the performance of their duties, educate the definition of Law Enforcement "Law Enforcement is for the prevention of crime, "NOT" manufacture of crimes.

21.

The Defendant CITY OF MACON, being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

22.

On information and belief, the defendant CITY OF MACON, failed to put into place and maintain a structure for risk containment and stress management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection: (a) evaluate and exchange information within the command structure about the performance of individual police officer; (b) train supervisory personnel to effectively and adequately evalute the performance of a police officer; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit police officers of the Defendant CITY OF MACON to function at levels of significant and substantial risk to the public at large.

23.

As a result of a conscious policy, practice, custom or usage, Defendant CITY OF MACON has permitted and allowed for the employment and retention of individual as police officers whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of abusive or otherwise illegal and offensive behavior, falsely accusation. Such policy, practices, custom and usage is a direct and proximate cause of conduct alleged herein and otherwise a direct and proximate cause of the harm to the Plaintiff.

24.

The conduct of Defendant CITY OF MACON was the direct and proximate cause of bodily and psychologial harm, pain and suffering in violation of the Plaintiff's rights as guaranteed by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment to the United States Constitution

25.

As a direct and proximate result of the Defendant's wrongful policies, practices, customs and usages complained of herein, Plaintiff has suffered physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

## COUNT III: Battery

### 26.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

### 27.

The aforementioned acts of individual Defendants D.A. Kimberlee M. Hillard, Sgt. W. Gay, Det. Al Cloud, Officer Parrott, and Sgt. Reynolds constitute battery in violation of Title 51 of the Official Code of Georgia Annotated and 42 U.S.C. § 1983. Such intentional acts were direct and proximate cause of Plaintiff's bodily injury and pain and suffering.

### 28.

Because the individual Defendants, D.A. Kimberlee-M. Hillard, Sgt. W. Gay, Det. Al Cloud, Officer Parrott, and Sgt. Reynolds, acted willfully and with intent to deprive the Plaintiff of life, liberty and freedom, they are not entitled to official immunity under Georgia Law.

# COUNT IV: False Imprisonment

### 29.

Plaintiff incorporate each and every paragraph above as if fully stated herein.

### 30.

The aforementioned acts of the individual Defendants, Det. Al Cloud, Sgt. W. Gay, Officer Parrott, Sgt. Reynolds, and D.A. Kimberlee M. Hillard cause the Plaintiff to stay incarcerated (4) four days, when Det. Al Cloud Knew his evidents against the Plaintiff did not have any merit to warrant an arrest.

### 31.

The aforementioned acts of the individual Defendants, D.A. Kimberlee M. Hillard, Sgt. W. Gay, Det. Al Cloud, Officer Parrott, and Sgt. Reynolds constitute false imprisonment in violation of Title 51 of the Official Code of Georgia Annotated and 42 U.S.C. § 1983. Such intentional acts were the direct and proximate cause of Plaintiff's bodily injury and pain and suffering.

### 32.

Because the individual Defendants, D.A. Kimberlee M. Hillard, Sgt. W. Gay, Det. Al Cloud, Officer Parrott, and Sgt. Reynold acted willfully and with intent to injure Plaintiff, they are not entitled to official immunity under Georgia Law.

# COUNT V:
# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 33.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

### 34.

The aforementioned acts of the Defendants constitute intentional infliction of emotional distress in violation of Title 51 of the Official Code of Georgia Annotated and 42 U.S.C. § 1983. Such intentional acts were the direct and proximate cause of Plaintiff's bodily injury and pain and suffering.

### 35.

Because the Individual Defendants, D.A. Kimberlee-M. Hillard, Sgt. W. Gay, Det Al. Cloud, Officer Parrott, and Sgt. Reynolds acted willfully and with intent to injure Plaintiff, they are not entitled to official immunity under Georgia Law.

# COUNT VI: DAMAGES

### 36.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

### 37.

As a direct and proximate result of the above described conduct of all Defendants, Plaintiff was deprived of his constitutional rights and subjected to extreme physical and mental pain and suffering. Thus all Defendants are liable to Plaintiff in an amount to be proven at trial and to be determined by the enlightened conscience of fair and impartial jurors.

### 38.

The aforementioned intentional acts and misconduct of the individual Defendants amount to bad faith, malice, willfulness, and reckless disregard for the consequences of their actions. As such punitive damages should be imposed to the extent permitted by federal and/or state law.

COUNT VII :

VIOLATION OF THE EIGHTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES

39.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

40.

Defendant in the above style action violated Plaintiff Eighth Amendment rights to be free from cruel and unusual punishment.

COUNT VIII :

VIOLATION OF THE THIRTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

41.

Plaintiff incorporates each and every paragraph above as if fully stated herein.

42.

Defendants in the above style action incorporated an civil offense into an criminal offense.

43.

Defendants in the above style action reduced the Plaintiff from U.S. citizen to slavery, created involuntary servitude.

WHEREFORE, Plaintiff demand the following:

(a) Trial by jury;

(b) That judgment be entered in favor of the Plaintiff and against the Defendants, for compensatory damages in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by Law;

(c) That Plaintiff be awarded the costs of psychological expenses, past, present, and future, in an amount to be proven at trial;

(d) That Plaintiff be awarded punitive damages in the amount sufficient to punish the Defendants, for their actions and to deter the Defendants from engaging in such conduct in the future;

(e) That all costs of the action be taxed against the Defendants; and

(g) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances;

This 21 day of January, 2014.

Respectfully Submitted,

Pro/se

Clemmie Williams Jr.
2970 Walmar Drive
Macon Georgia 31206
Telephone:(478) 238-4157
Fax: (478) 238-4157
Email: Davis Kiarra @ rocketmail.com

## CERTIFICATE OF SERVICE

I, Clemmie Williams Jr. hereby certify that I have this day, served a COMPLAINT FOR DAMAGES. By hand delivered or by the U.S. Postal Service, affixed with adequate postage to ensure delivery to the following:

U.S. District Court
Middle District of Georgia
Macon. Division

Judd T. Drake County Attorney
P.O. Box 247
Macon. Georgia
31202-0247

This the 21 day of 2014.

Clemmie Williams Jr.
signature of complainant

% retained:

Prepared by: Clemmie Williams Jr.
2970 Walmar Drive
Macon, Georgia
31206